STATE OF NEBRASKA, EX REL. MARSHALL L. SCOTT, v. JOHN CUNNINGHAM ET AL., COUNTY COMMISSIONERS OF SAUNDERS COUNTY.

FILED OCTOBER 3, 1893.    No. 6296.

Counties: BRIDGE CONTRACTS: MANDAMUS. Where the cost of a county bridge exceeds $100, contracts for the erection of the same must be let to the lowest competent bidder after due advertisement stating the general character of the work.

ORIGINAL application for *mandamus*.

*Good & Good,* for relator.

MAXWELL, CH. J.

This is an application for a *mandamus* to compel the county board of Saunders county to cancel a certain contract for the building of bridges with one Lillibridge and again advertise for bids for the construction of bridges in said county. It is alleged in the relation that "the plaintiff, for his cause of action against the respondents, shows to the court that he is a citizen and taxpayer of Saunders county, Nebraska, and has so been for more than two years

State, ex rel. Scott, v. Cunningham.

last past; that the respondents, and each of them, are the duly elected, qualified, and acting commissioners of Saunders county, Nebraska, and have so been for more than one year last past, except the respondent Malloy, who has been such qualified and acting commissioner of said county since the 5th day of January, 1893; that in the month of January, and on or about the 25th, 1893, the respondents Cunningham, Lehr, and Malloy, who then constituted the board of county commissioners of said Saunders county, caused a notice for bids for the construction of pile bridges in Saunders county for the year 1893 to be published in the *New Era*, a newspaper published in and of general circulation in said county, which notice was as follows, to-wit:

"' NOTICE TO CONTRACTORS.

"'Sealed proposals will be received at the office of the county clerk of Saunders county, Nebraska, until noon on the 7th day of March, 1893, for the furnishing of all material and labor necessary for the completion of all pile bridges, twenty feet long and over, that are to be built during the year 1893 in the county. Said bridges to be constructed of white or burr oak, except the railings which shall be of pine, and the joists must be of long leaf pine. All materials must be of the best quality. All piling must be of white or burr oak and of necessary length for the respective bridges, and not measure less than ten inches in diameter in center of length when twenty-six feet or less in length, and when more than twenty-six feet in length must measure fourteen inches in diameter in center of length, and must be three piles to the bent. Said bids must be on fourteen-foot roadway, and must state the price per lineal foot. Each bid must be accompanied by plans and specifications or the same will not be considered.

" 'The board of county commissioners reserve the right to reject any and all bids. No bid will be considered that is not accompanied by a certified check in the sum of $200

as evidence of good faith on the part of the bidder. The party receiving the contract to execute a good .bond. in the sum of $2,000 for the faithful performance of the same. All proposals should be addressed to W. O. Rand, county clerk, and marked "Proposals of bridge builders."

" ' By order of the county commissioners of Saunders county, Nebraska, Wahoo, Nebraska, January 25, 1893.'

. .": That in pursuance to said notice your relator, on the 7th day of March, 1893, filed with W. O. Rand, county clerk of said county, and in his office, a bid to perform such work and build such bridges, accompanied by plans and specifications and a certified check for $200; * * * that one C. E. Lillibridge, on the 7th day of March, 1893, also filed with said clerk of said county a bid to build such bridges, accompanied by plans and specifications and certified check for $200, and a duly certified copy of such bid; *. * * that there were no other bidders for the building of said bridges filed except the one .filed by your relator and the said C. E. Lillibridge; that the bid to do and perform such work made by your relator was for the sum and at the rate of $3.93 per lineal foot and that the bid of the said C. E. Lillibridge was to do and perform such work at the rate of $4.00 per lineal foot; that the bid of your relator was the lowest and best bid, and that your relator was the lowest competent bidder for such work to be performed; that, notwithstanding the fact that your relator was the lowest competent bidder for such work, the respondents did, on the 14th day of March 1893, award the contract for the building of said bridges to the said C. E. Lillibridge, well knowing that he was not the lowest competent bidder therefor, and have entered into a contract with the said C. E. Lillibridge for the building of said bridges as required by the said notice printed as aforesaid; that a duly certified copy of all the proceedings of the respondents as county commissioners of said county is hereto attached; * * * that such certified copy contains. all the

47

records of the proceedings of the said county commission-
ers that in any manner relate to the letting of said contract
to said Lillibridge as aforesaid ; that a duly certified copy
of the contract entered into by and between the said county
commissioners and the said C. E. Lillibridge as aforesaid
is hereto attached ;  *  *  *  that said contract so entered
into as aforesaid was not legally entered into and is of no
legal or binding force upon the said Saunders county for
the reason that the same was not let to the lowest respon-
sible bidder, nor to the lowest competent bidder, as required
by law, and for the further reason that no sufficient notice
for bids was ever published as required by law, in that said
notice so published does not specify the number of bridges
to be built, the length thereof, or their location, and does not
call for separate bids upon each bridge to be built ; that your
relator was willing, ready, and competent to enter into a
contract with the said commissioners for the building of
said bridges, and was and has been ready and willing to
tender to.the said commissioners a good and sufficient bond
with good and sufficient securities in the amount required
by law, and to do and perform all things necessary to the
entering to said contract with the said commissioners as re-
quired by law; that your relator has made a written de-
mand upon the said respondents to cancel the said contract
with the said Lillibridge, and set the same aside, and to ad-
vertise for new bids for the construction of such bridges as
required by law,  *  *  *  but that the said respondents
have failed, neglected, and refused to so cancel said con-
tract with the said Lillibridge, and failed, neglected, and
refused to again advertise for bids for the construction of
such bridges."

A copy of the several propositions and contracts is set
out in the record and need not be referred to here as the
principal question is the sufficiency of the advertisement
for bids.

Section 83, chapter 78, Compiled Statutes, is as follows:

State, ex rel. Scott, v. Cunningham.

"All contracts for the erection and reparation of bridges and the approaches thereto, for the building of culverts and improvements on roads, the cost or expense of which shall exceed $100, shall be let by the county commissioners to the lowest competent bidder, but no contract shall be entered into for a greater sum than the amount of money on hand in the county road fund derived from the levy of previous years and two-thirds of the levy for the current year, together with the amount of money in the district road fund of the district where such work is to be performed; and every bidder, before entering on any work pursuant to contract, shall give bond to the county with at least two good and sufficient sureties in any sum double the amount of the contract, which bond shall be approved by the county commissioners, conditioned for the faithful execution of the contract."

Sec. 84 provides, "Before any contract as aforesaid shall be let, the county commissioners shall advertise for bids therefor, and shall require bidders to accompany their bids with plans and specifications of their work, and they may accept the most suitable plan and award the contract accordingly, or may reject any or all bids."

Sec. 85 provides, "Such advertisement shall state the general character of the work and shall be published four consecutive weeks in some newspaper printed and of general circulation in the county; and if there be no newspaper printed in the county, then such advertisement shall be published in some newspaper of general circulation therein. Where the cost of the work exceeds $500, such advertisements shall also be published four consecutive weeks in some newspaper printed in and of general circulation throughout the state."

It will thus be seen that the advertisement wholly fails to comply with the statute. Where the cost of a bridge exceeds $100, the contract for that bridge is to be let to the lowest competent bidder. This requires the adoption

of some plan so that bidders may bid against each other, in order that there may be competition. In the case at bar no doubt the county board acted honestly in letting the contract in the way they did, but it fails to comply with the statute and admits of favoritism. The statutory mode, therefore, must be pursued. The writ must therefore be granted as prayed.

WRIT ALLOWED.

THE other judges concur.